CRAIG
*vs*
HEWITT.

---

*McKee* for plaintiff.

CASE.

*Case* 124.

*July* 30.

---

## Craig *vs* Hewitt.

ERROR TO THE FRANKLIN CIRCUIT.

*Usury.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS being a suit in chancery brought to reclaim usury alledged to have been paid, it is contended that the com-

CHANCERY.

*Case* 125.

*July* 30.

plainants bill is defective and does not authorize any decree in his favor, the transaction which it sets forth not being such as the law deems usurious.

The bill alledges that the complainant was indebted to the defendant in the sum of two thousand dollars and upwards, due on the first day of March, 1844, for which sum the defendant had obtained a judgment at law, and to secure its payment, the complainant had given him a mortgage on his tract of land, That afterwards, in the spring of the year 1845, he sold the same tract of land to a man by the name of Wilson, and sometime thereafter, procured Wilson to execute his note to the defendant for the sum of two thousand three hundred and forty four dollars and forty nine cents, being the full amount of the judgment at law, including the debt and ten per centum per annum interest thereon, from the time it was due, and the costs of the common law suit; which note the defendant accepted in payment of his demand against the complainant, and for which sum the complainant gave Wilson a credit on the amount due by him for said tract of land, and that thereby he had paid the defendant one hundred and twenty dollars usurious interest.

Whether a contract for illegal interest be upon the loaning of money or for the forbearance of a debt due, it is still usurious within the meaning of the statute: Skinner vs Miller, (5 Litt. 85.) But it is contended inasmuch as the complainant does not alledge the interest to have been paid upon a contract for its payment, that although the collection of the debt had been forborne, and in its final adjustment and settlement between the parties, interest beyond six per cent. per annum was paid, that it cannot be regarded as usurious, it not appearing to have been paid on any previous contract or agreement, but merely for past forbearance.

To constitute usury, it is undoubtedly necessary that there should be a contract upon which it is paid, either upon the loan of money or for the forbearance of a debt due, which is substantially a contract to lend it for a longer time. But if the facts which constitute usury are set forth, it is sufficient, and the legal conclusion will be made by the Court: (6 Monroe, 81; 7 Monroe, 263, and

1 *J. J. Marshall*, 11.)   Here the existance of a debt due, its forbearance for eighteen months, and its payment with ten per cent. per annum interest thereon, from the time it fell due, are the facts set forth by the complainant. Is not the existance of a previous contract to pay usury necessarily implied from the fact of its payment? Any other doctrine would open a wide door for the introduction of shifts and subterfuges, for the evasion of the statute.   Besides, the evidence proves the fact to be that there had been a contract between the parties for the payment of interest at the rate of ten per cent. per annum, and that the settlement was made in accordance with their previous agreement and understanding on the subject.   The complainant's bill would have been more formally correct, had it expressly alledged, that the usury had been taken on a contract for the forbearance of the debt; but as it charges the facts from which the legal implication of such a contract necessarily arises, it cannot be deemed so defective as to preclude the complainant from relief, provided he is entitled to it on the merits of the case, as presented in his details of the transaction.

The defence, however, is rested mainly on the ground that the transaction itself is not illegal and usurious. That it was not a payment made by the complainant, but a purchase of the debt by Wilson; and the fact that the defendant transferred to Wilson the mortgage and the judgment, it seems is relied upon to prove that this was its true character.   But any deduction that might be made from that circumstance favorable to this conclusion, is repelled, not only by the intrinsic improbability that any such transaction occurred as that contended for, by which an individual is made to purchase a judgment, not at a discount, but at a very considerable advance; but also by the proof of Wilson, that he executed his note to the defendant at the instance of the complainant, who gave him a credit for the amount on what he owed him, and by the additional circumstance, that the defendant on the final adjustment of the debt, and the reception of Wilson's note, surrendered to the complainant the note that he held on him, having first written on it the words, paid in full.   The assignment of the mort-

*The Chancellor will regard the substance of a transaction rather than its form.*

gage may be explained and accounted for on the supposition, which is altogether reasonable, that Wilson having substituted his own note for that of the complainant, was desirous of having the mortgage on the land he had purchased released, and the incumbrance removed, and that the transfer of the mortgage to him was made for the purpose of effecting this object.

The substance of the transaction between the parties is, that the complainant being indebted to the defendant, procured Wilson, his debtor, to pay the debt and ten per cent. per annum interest thereon for him to the defendant, which he did by the execution of a note that he has since paid off, and that Wilson, for the sum so paid by him, has obtained a credit on the debt due by him to the complainant. So that the debt, although paid by Wilson, was in fact paid out of the complainant's means, and was in substance and effect a payment by him. Wilson has not lost the ten per cent., the credit which he obtained was for the full amount paid by him. The loss has been incurred by the complainant, and as we consider the transaction to be usurious, he alone has the right to reclaim the usury received by the defendant.

Wherefore, as the Court below refused the complainant relief, and dismissed his bill, the decree is reversed, and cause remanded, that a decree may be rendered in favor of the complainant in conformity with this opinion.

*Harlan & Craddock* for plaintiff; *Hewitt* for defendant.